IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                                                                                  CASE NO. 19-00115
SCHNAVIA K MOSESLY                                                                        CHAPTER 13

Debtor

TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SELL REAL ESTATE

and objects to the Debtor's Motion to Sell Real Estate [dckt. 55].

1. On May 21, 2021, the Debtor filed a Motion to Sell Real Estate [dckt. 55] and requested a shortened notice time that was granted.  The Motion to Sell Real Estate is regarding property located at 3332 Yellow Flower Road, Laurel, Maryland 20724. However, it is is the Trustee's belief based on the record that the subject property should have been surrendered in 2019.

2. The Debtor filed her voluntary petition on February 19, 2019. In her proposed plan, which was later confirmed, the Debtor proposed to surrender the subject property.  At the time of filing, the property was subject to a first mortgage held by Chase Mortgage and a second mortgage held by Navy Federal.
On March 6, 2019, Navy Federal filed a Motion for Relief from Stay regarding the subject property (dckt. 15). The Court granted relief on March 22, 2019, and allowed a 90-day deadline for a deficiency claim (dckt. 20).

3. On April 4, 2019, the Trustee by counsel conducted the Section 341 Meeting of

Creditors. At that time, the Debtor testified that the property had not been surrendered yet, but that it was being surrendered. She testified that she received rental income from the property, which was not reported in her schedules. Because the property was being surrendered, the Trustee did not require an updated Schedule I. On May 17, 2019, the Court entered the Order Confirming Chapter 13 Plan, which reflected the surrender of the subject property (dckt. 33).

4. Now, over two years after the property was supposed to be surrendered, the Debtor is attempting to sell the property, to which the Trustee objects. It appears to the Trustee that the Debtor and Creditors, Chase Bank and Navy Federal, have unilaterally changed the confirmed plan without the Court's permission or notice.

5. At the time of filing, the Debtor was receiving an undisclosed amount for rental income. The Trustee requests that the Debtor provides evidence of whether or not she was still receiving rental income for the last two years. If the rental income has been received, then the Debtor's plan payments should be increased to reflect the extra disposable income that was not disclosed to the Trustee. Furthermore, if payments have been received by the creditors, the plan payments should be increase as such and used to benefit allowed claims.

WHEREFORE, the Trustee prays that the Court denies the Motion to Sell and requires that the Debtor provide information regarding potential rental income that was received and payments made to the Creditors, Chase Bank and Navy Federal.

/s/ Meagan Preece
Helen M. Morris, Trustee
State Bar No. 2637
Meagan Preece, Staff Attorney
State Bar No. 13249
Chapter 13 Trustee
P O Box 8535
South Charleston, WV  25303
(304)744-6730

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true copy of the attached document was served upon the following parties in interest on the date this document was filed with the Court by the method shown below. Service by mailing a true copy via U.S. first class mail with postage pre-paid.

SCHNAVIA K MOSESLY
457 HUGHS ROAD
CHARLES TOWN, WV  25414

     Those parties who requested electronic service by filing notice with the clerk's office were served by electronic transmission.


/s/ Meagan Preece
_____
Helen M. Morris, Trustee
State Bar No. 2637
Meagan Preece, Staff Attorney
State Bar No. 13249
Chapter 13 Trustee
P O Box 8535
South Charleston, WV  25303
(304)744-6730